IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVALYNN B. THOMPSON, | No. C-05-2348 MMC |
| Plaintiff, | **ORDER REMANDING ACTION** |
| v. | |
| WALGREEN COMPANY, et al., | |
| Defendants / | |

      Before the Court is the notice of removal, filed June 9, 2005 on behalf of defendants Walgreen Company ("Walgreen") and Ronny Chiu ("Chiu").

      Plaintiff, in her First Amended Complaint ("FAC"), alleges three state law claims against Walgreen, Chiu, and a third defendant, Lobelle Jennings ("Jennings"),[1] specifically, claims for race discrimination in violation of the Fair Employment and Housing Act ("FEHA"), for wrongful termination in violation of public policy, and for racial harassment in violation of FEHA. In the notice of removal, defendants assert that the district court has diversity jurisdiction over plaintiff's claims because plaintiff and Walgreen are diverse. In that regard, defendants do not contend that Chiu and Jennings are citizens of a different state than that of plaintiff's citizenship; rather, defendants assert, the district court should disregard the citizenship of the individual defendants because such defendants have been

---

[1] According to the removing defendants, Jennings has not been served by plaintiff.

"fraudulently joined."  (See Notice of Removal ¶ 5.)

"Fraudulent joinder is a term of art."  McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  Id.  Consequently, this Court has diversity jurisdiction over the instant action only if the removing defendants demonstrate it is "obvious" that plaintiff cannot state any of her three claims against either of the two individual defendants.  For the reasons discussed below, the Court finds the removing defendants have failed to show it is "obvious" under California law that plaintiff has failed to state a claim for racial harassment against non-diverse defendant Chiu.[2]

The removing defendants argue that plaintiff's racial harassment claim against Chiu is subject to dismissal for failure to exhaust administrative remedies, for two separate reasons.  First, plaintiff did not name Chiu as a charged party in the administrative complaint filed with the Department of Fair Employment and Housing, but only referred to him in the body of her administrative complaint.  (See Karpel Decl., filed June 9, 2005, Ex. A.)  Second, plaintiff did not explicitly refer to racial harassment in her administrative complaint, but, rather, alleged that she was subjected to "differential treatment" when Chiu failed to promote plaintiff.  (See id.)

It is settled California law that a plaintiff may not state a FEHA claim unless the plaintiff has exhausted his or her administrative remedies with respect to that claim.  See Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 492 (1996) ("The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA.").  The Court's review of California authorities, however, does not support defendants' position that it is "obvious" plaintiff's harassment claim against Chiu is subject to dismissal.

---

[2] In light of this finding, the Court does not consider whether it is "obvious" that plaintiff's other claims against Chiu, or any of her claims against Jennings, are subject to dismissal.

2

First, the California Court of Appeal has held that where a plaintiff names an individual in the body of the administrative complaint as the "perpetrator[ ] of the harm," the plaintiff's FEHA claim against that individual is not subject to dismissal for failure to exhaust, even though the plaintiff does not identify that individual as a "charged party" in the administrative complaint. See Martin v. Fisher, 11 Cal. App. 4th 118, 122 (1993). Here, plaintiff alleged in the body of her administrative complaint that Chiu was the person who acted with discriminatory intent on behalf of Walgreen. (See Karpel Decl., filed June 9, 2005, Ex. A). Second, the California Court of Appeal has held that where a plaintiff alleges an incident of disparate treatment on the basis of race in an administrative complaint, a claim of harassment based on race is sufficiently within the scope of the administrative complaint such that a harassment claim, alleged in a civil complaint, is not subject to dismissal for failure to exhaust administrative remedies. See Baker v. Children's Hospital Med. Center, 209 Cal. App. 3d 1057, 1060, 1065 (1989) (holding FEHA claim that defendant harassed plaintiff on basis of race was exhausted in light of claim in administrative complaint that defendant subjected plaintiff to disparate treatment on basis of race when defendant denied plaintiff opportunity to work additional hours). Here, as noted, plaintiff alleged in her administrative complaint that Chiu subjected plaintiff to disparate treatment on the basis of her race when he did not promote her.

Although Martin and Baker do not necessarily resolve the issue of whether plaintiff has exhausted her administrative remedies as to her claim of harassment against Chiu, such authorities, at a minimum, preclude a finding by this Court that it is "obvious" plaintiff's claim of harassment against Chiu is subject to dismissal for failure to exhaust administrative remedies; stated otherwise, there exists some doubt as to whether such claim is subject to dismissal. See Smith v. Southern Pac. Co., 187 F. 2d 397, 402 (9th Cir. 1951) (holding, where defendant's challenge to plaintiff's claim against non-diverse defendant presented "doubtful question of state law," which "should be tried in the state court," district court erred by exercising diversity jurisdiction). Consequently, the Court does not find Chiu to be a fraudulently joined defendant, and, as a result, finds defendants

1  have failed to establish the existence of complete diversity.  See id.

2  Accordingly, the Court lacks subject matter jurisdiction over plaintiff's FAC and the
3  matter will be remanded.

## CONCLUSION

For the reasons discussed above, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 24, 2005                                         /s/ Maxine M. Chesney
                                                                          MAXINE M. CHESNEY
                                                                          United States District Judge